### DOUGLASS AND WIFE vs. EDWARDS AND WIFE.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF IBERVILLE.

The order or decree of a court in another state, appointing guardians to minors, for the special purpose of protecting their rights and interests in a certain suit pending in Louisiana, will not be received as evidence of a general authority to sue for and recover the property of a succession due to the minors here, and to compel the administrator to account.

But if the power granted to guardians of minors, by the decree of a court of another state, confers full authority on them, in legal form, to represent the minors in all things relating to their property here, such decree would be full evidence of authority in the guardian to act.

To compel an administrator to account for the administration of a succession, all the parties must be properly before the court, the heirs of the deceased partner properly represented, as well as the surviving partner of the community.

An executor or administrator ought not to be compelled to render two separate accounts relating to a single succession.

This is an action instituted by the surviving widow of Henry Crabb, deceased, in her own right, and as guardian of her minor children, assisted by her present husband, also guardian of these minors, all residing in the state of Tennessee, against the defendants to recover certain property, and compel the rendition of an administrator's account of an estate in Louisiana. The plaintiffs allege that when Henry Crabb, who resided in Tennessee, died, he left a large property in Louisiana; that one David Barrow, qualified as testamentary executor in this state, and during his administration received upwards of forty thousand dollars of this property, and died without rendering an account; that there is still a balance of ten thousand dollars due from his estate by those who represent it.

Eastern Dist.
March, 1836.
────────────
Douglass et al.
vs.
Edwards et al.

They further allege, that Barrow left a surviving widow and minor child, and that she has intermarried with W. E. Edwards, who have taken possession of the estate of the former. They pray that Edwards and wife be compelled to account, and pay over the amount claimed as still due from Barrow, on account of his administration.

The defendants denied the right of the plaintiffs to claim the succession of Crabb, and that they had not presented themselves with the necessary legal powers and forms to require an account of the administration of Barrow, and to reclaim the succession. They denied the heirship of the minors Crabb, or that they were legally and properly represented; also, that Mrs. Douglass, formerly wife of Henry Crabb, deceased, never qualified as guardian, was not authorised by any tribunal to represent the minors, or institute suit in their behalf, and to compel the defendants to account for Barrow's administration. They pray that the plaintiffs' demand be rejected, &c.

Upon these pleadings the parties went to trial.

The plaintiffs offered in evidence, in support of their right to maintain this suit and recover, a decree of the county court of Davidson county, in the state of Tennessee, stating, "that the court appointed Harry L. Douglass and Jane A. Douglass, his wife, special guardians of Henry Crabb, Mary Crabb and Jane Anne Crabb, minor orphans of Henry Crabb, deceased, to attend to their interest in a suit depending in Louisiana, wherein the widow and heirs of Henry Crabb, deceased, are plaintiffs, and against David Barrow, executor or administrator, defendant; whereupon the said Harry L. Douglass, and Jane A. Douglass, in court here, have given three several bonds, &c., as security for their faithful guardianship."

This decree, or order, is attested by the clerk of the county court, who is certified to be clerk by the presiding magistrate, and the governor certifies that the magistrate is duly commissioned as such.

The judge of probates was of opinion that this document, or order, of the county court of Tennessee, *was not sufficient*

EASTERN DIST.
*March*, 1836.
DOUGLASS ET AL.
*vs.*
EDWARDS ET AL.

to authorise the plaintiffs to maintain their suit. Judgment of non-suit was entered against the plaintiffs, from which they appealed.

*A. N. Ogden,* for the plaintiffs.

1. Insisted that the decree, or judgment of the court in Tennessee, clothed them with full and sufficient authority to maintain this suit, and to recover the amount of the estate of Crabb, remaining in the hands of his administrator.

*Labauve* and *Stacy,* for the defendants.

1. The decree or pretended judgment of the Tennessee court, under which the plaintiffs claim authority to act as guardians of the minors, is without the signature of the judge or court. There is no evidence that the Tennessee laws are different from our own, requiring the signature of the judge. This document should be rejected on that ground.

2. A *special* appointment and authorisation, as tutor, curator, guardian, or the like, for the purpose of carrying on a suit *as plaintiff,* is not known or authorised by our law. The law allows of a special appointment to minors, only when they are to be made defendants. *Louisiana Code, article 295.* It is not shown that the laws of Tennessee authorise such appointments for the purpose of prosecuting suits.

3. The appointment purports specially to authorise the plaintiffs as special guardians of the minor orphans of Henry Crabb, deceased, to attend to their interest in a suit depending in Louisiana, wherein the *widow and heirs of Henry Crabb, deceased,* are plaintiffs, against *David Barrow,* executor, defendant. The appointment being made for a special purpose, can avail only in the suit named in it; now, *no such suit exists;* the present is different, both as to parties, plaintiffs and defendants, and consequently is not the one for which the appointment was made. The parties to the present suit, are Henry L. Douglass and Jane Anne Douglass, his wife, plaintiffs, *vs.* William E. Edwards and Lavina W. Edwards,

his wife, tutrix and co-tutor of David Barrow, a minor, defendants. As well might the document filed, authorise the parties therein named to prosecute any other suit. Neither the parish or court in which said suit was pending, is set forth.

*Mathews, J.*, delivered the opinion of the court.

This suit is brought by Douglass and his wife, as guardians or tutors of the minor children of Henry Crabb, deceased, formerly the husband of Mrs. Douglass, against the defendants, as representing the estate of David Barrow, deceased, in their capacity of tutor and tutrix of a minor child of said Barrow and Mrs. Edwards, the latter being his wife during his lifetime. Exceptions to the rights and authority of the plaintiffs to maintain the present action, are found in the answer of the defendants. Amongst these exceptions is one, denying the character (assumed by them in their petition) as tutor and tutrix, &c. The court below sustained this plea, and gave judgment of non-suit, from which the plaintiffs appealed.

They appear to be absentees, in other words as having no domicil or residence in this state. The suit is brought for the purpose of compelling the defendants to render an account of the administration of D. Barrow, who acted as executor of the last will and testament of Henry Crabb, and to obtain a judgment for the balance of the succession of the latter, which remained in the hands of the former at his death. The evidence offered in support of the plaintiffs' right to claim the account and judgment as prayed for in their petition, is an order or decree of the Court of Pleas and Quarter Sessions of Davidson county, in the state of Tennessee, by which they are appointed guardians of the interests of the minors of H. Crabb, deceased, for a special purpose, viz : to protect the rights of said minors, in a suit depending in Louisiana, wherein the widow and heirs of H. Crabb, deceased, are plaintiffs, against David Barrow, &c. Now as the present defendants represent, or are supposed to represent Barrow, and the suit being in substance, though

The order or decree of a court in another state, appointing guardians to minors, for the special purpose of protecting their rights and interests in a certain suit pending in Louisiana, will not be received as evidence of a general authority to sue for and recover the property of a succession, due to the minors here, and to compel the administrator to account.

EASTERN DIST.  not in name, the one referred to in the decree of the court of
March, 1836.  Davidson county, perhaps the mistake of names would not
invalidate the power granted by the decree of that court, if it
DOUGLASS ET AL.  conferred full authority, given in legal form, to the plaintiffs,
vs.  to represent the minor children of Crabb, in all things
EDWARDS ET AL.
But if the pow-  relating to his succession, as tutors, clothed with full power
er granted to  and authority allowable to them in such capacity. But this
guardians of
minors, by the  is not the case in the present instance; they are nominated
decree of a court
of another state,  for a special purpose, and by what power legally vested in
confers full au-
thority on them,  the court which appointed them to office, we do not know.
in legal form, to
represent the  The circumstances in the present case, do not bring it under
minors in all
things relating  the rules as laid down in that of *Berluchaux* vs. *Berluchaux*
to their proper-
ty here, such de-  *et al.*, as reported in 7 *Louisiana Reports,* 539 and 545. See
cree would be
full evidence of  also the case of *Chiapella* vs. *Coupray,* 8 *Louisiana Reports,* 84.
authority in the
guardians to act.  In those cases we held, that a tutor or guardian, legally
appointed to a minor, according to the rules and forms of a
foreign state or government, could reduce to possession the
property of the minor, situated in this state, by appointing an
attorney for that purpose, and do all things here appertaining
to the interests of the pupil, as if the tutor had received his
appointment in pursuance of our laws, distinguishing the
office of tutors or guardians from that of executors and other
administrators of successions. From these last, it seems to
us difficult to distinguish an administrator, appointed under
whatsoever name or title, for a special and particular purpose,
in relation to a succession. Such administrator, although
denominated a tutor, does not possess the general and
imposing power and authority conferred on tutors, appointed
to protect the persons and property of their pupils, in every
thing relating to their comfortable existence and education,
and pecuniary interests. If an affirmation of the judgment
had a tendency, finally to defeat any just claims of the
plaintiffs, we would be very reluctant to sanction it. The
only inconvenience occasioned by the non-suit, is delay,
leaving the parties claiming rights, to pursue them in a legal
manner, not hard to be discovered. One of the plaintiffs,
the late widow of Crabb, claims in her own right, one half
the sum which may be owing by the succession of Barrow,

belonging to her as a part of the matrimonial acquests and gains, acquired during her marriage with her first husband, and the counsel for the plaintiffs contends, that in this respect she ought not to have been non-suited. We cannot consent to this proposition. The action is instituted to compel an account and settlement of the administration of Crabb's executor; it relates to the management of the succession of the former, and although it may be blended with the rights and claims of the surviving partner, of acquests and gains, the division and separation of these rights and claims can only regularly take place, after liquidation and settlement of the whole estate, as left at the death of the husband. The executor or his representatives, ought not to be compelled to render two accounts, relating to a single administration.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

<div style="margin-left:2em">

EASTERN DIST.
*March*, 1836.

