EASTERN DIST.
*May*, 1839.

ALLARD ET AL.
*vs.*
ORLEANS NAVI-
GATION CO.
A licitation made to effect a partition, is not a sale as *between the heirs*, and does not change the character of the thing to be partaken. The proceeds of real estate represent it, and are *realty*.

---

## ALLARD ET AL. *vs.* ORLEANS NAVIGATION COMPANY.

### APPEAL FOM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

In all associations or contracts, the partners or parties in interest, must be made parties to all suits instituted on the contract or association.

So, where a *portion* of the shareholders of the Pontchartrain Lake Road Company, sued for an infringement of their contract with defendants, *Held*, that all the shareholders or parties in interest, must be parties to the suit.

This is an action by *a part* of the shareholders in an association called the Pontchartrain Lake Road Company, against the defendants, claiming damages of them, for an infringement of a contract made with the plaintiffs, through and by Louis Allard.

Allard shows, that he contracted with the defendants to make a shell road from the bridge on Bayou St. John, running on the north side of said bayou to the lake, for which he was to have the exclusive right of charging and receiving tolls for twenty-two years. That since the completion of said road, the

EASTERN DIST.
May, 1839.

ALLARD ET AL.
vs.
ORLEANS NAVI-
GATION CO.

defendants have made a road on the south side of said bayou, contrary, and in violation of their contract with him, *and now his associates,* to their damage fifty thousand dollars, for which he prays judgment.

The defendants excepted to the petition, because all the shareholders or members of Allard's association, were not parties plaintiff to the suit. The exception was overruled. After answer to the merits, the cause was submitted to a jury, who returned a verdict of ten thousand dollars for the plaintiffs, and from judgment in conformity thereto, the defendants appealed.

*Denis* and *Preston,* for the plaintiffs.

*Hennen,* for the appellants.

*Eustis, J.,* delivered the opinion of the court.

Louis Allard and four others, sue the defendants, alleging that Allard contracted with them for the construction of a road on the north side of the Bayou St. John, which they were authorized to make under the 13th section of their charter, in consideration of Allard's having the tolls during the term of twenty-two years, which the company by law had a right to exact; that Allard performed his part of the contract; that he, afterwards, ceded a part of his interest under the contract, to certain persons who formed a private association, dividing the whole into one hundred and fifty shares, of one hundred and fifty dollars each, and retaining himself seventy-eight shares; eleven of the shares were taken by the defendants, who afterwards sold them.

That for several years the undertaking was profitable to the plaintiffs, from the tolls derived from the road; that afterwards the defendants instituted a vexatious suit, under false, wicked and malicious pretences, for the purpose of annulling the contract, and regaining the possession of the road; that said suit, after a delay of five years, was terminated against the present defendants, and that in violation of the contract, the defendants constructed a road on the

other side of the bayou, by which the revenues resulting from the plaintiff's road were taken away, to the damage of the plaintiffs fifty thousand dollars.

EASTERN DIST.
*May*, 1839.

ALLARD ET AL.
*vs.*
ORLEANS NAVI-
GATION CO.

At the trial in the court below, a verdict was rendered for the plaintiffs against the defendants, for ten thousand dollars. Judgment was rendered on the verdict, and the defendants have appealed.

An exception was taken by the defendants to the want of proper parties plaintiff, which was overruled by the court below, and is now presented to us for decision, and as the case comes before us, we are under the necessity of acting on it, without any reference to the merits of the cause.

The exception is, that *all* the stockholders of the association who became the assignees of the interest of Allard transferred to them, are not parties to the suit.

It does not appear that the stockholders, other than the plaintiffs, are out of the jurisdiction of the court, or that any obstacle exists to their being made parties.

We do not think that the circumstance of the defendants having been stockholders, affects the operation of this legal exception.

The defendants contracted with Allard alone. They can only be responsible to him on the contract, or in an equitable action to those who represent his entire interest. The defendants, by taking shares in the association, consented to this division of interests, but they did not thereby preclude themselves from having the parties in interest united in a suit brought on the original contract.

Not only the principles of contracts, but the administration of justice require, that the parties in interest should be made parties to the suit on a contract. If the parties in interest refuse to unite, they can be made parties defendant, and thus, in a single suit, the rights of all can be determined, without the multiplied litigation which any other mode of proceeding would necessarily occasion, and which it is the duty of courts of justice to discountenance and prevent. 2 *Story's Equity*, 742. This rule is only dispensed with, when it becomes extremely difficult, inconvenient or expensive. 3 *Vesey, junior*, 314. 1 *Johnson's Chancery Reports*, 350.

In all associations or contracts, the partners or parties in interest must be made parties to all suits instituted on the contract or association.

So, where a portion of the shareholders of the Pontchartrain Lake Road Company sued for an infringement of their contract with defendants : *Held*, that all the shareholders or parties in interest must be parties to the suit.

In this case, the stockholders are few, and no sufficient reason has been offered for their not having been made parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed, and the cause be remanded to the court for further proceedings ; and it is ordered, that the stockholders mentioned in the plaintiffs' petition, as well as all other stockholders of the Pontchartrain Lake Road Company, be made parties to this suit, and that the plaintiffs and appellees pay the costs of this appeal.