## NICHOLSON'S HEIRS el al *v.* D. N. HENNEN.

Where the object of a contract of mandate made in the city of New Orleans, was the collection of debts due by a debtor residing in another State, or whose succession had been opened in another State ; and to effect that object, the mandatory was empowered to purchase lands in the State of the debtor's residence, for the account of the principals—the titles to be taken in the name of the mandatory, and conveyances to be by him subsequently made to the principal—*Held :* That in a suit here by the principals against the agent, for an account of his agency, the conveyance of the lands by the agent to his principals, as provided for in the contract, is clearly an incident of the account to be rendered, and as such is a proper matter for a decree of the Louisiana court, which being competent to enter-tain the *actio mandati directa*, is competent to pass upon all incidents and accessories of that action.

In a suit against an attorney in fact, for an account of his agency, all the principals in the contract should be joined in the action. The attorney cannot be held to render as many accounts of his agency as there are principals in a joint contract.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.* *Hunton & Miller* and *R. N. Ogden,* for plaintiffs. *Duncan N. Hennen,* in *pro. per.,* defendant and appellant.

BUCHANAN, J.   The estate of Samuel Spotts was indebted as follows:

| | | |
|---|---:|---:|
| To John Nicholson | $ 7,283 | 11 |
| To J. M. Kennedy | 240 | 00 |
| To D. N. Hennen | 2,137 | 50 |
| To Paul Tulane | 1,624 | 80 |
| To F. Beckman | 5,892 | 66 |
| To A. Hodge | 1,407 | 16 |
| To Purdon & Brother | 1,019 | 68 |
| Total | $19,604 | 91 |

These parties all resided in New Orleans, and their debtor's estate was possessed of lands in Illinois. The six other creditors empowered Hennen to collect their claims, specially authorizing him to buy or take in pay-ment lands, and stipulating to allow him 15 per cent. commission on what he should collect, to be taken out in lands.

Hennen accordingly bought in nearly all the lands, at administrator's sale, and received the proceeds of the lands that were bought by other parties. He has still in his hands the lands bought by him, with the ex-ception of some portions which he has sold, and of which he has received the price. He has also expended moneys for taxes and costs.

The present action is brought by five out of the six principals in the mandate aforesaid, against the mandatory, Hennen, for a money balance of account, and for the lands acquired by Hennen from Spotts' estate, which remain unsold in his hands; which lands the petition prays that defendant be decreed to convey to petitioners, or to such person as a majority of them may designate.

Defendant excepts to the jurisdiction of the court, because, as the excep-tion alleges, this is an action of partition of lands in Illinois. The coun-sel of defendant relies upon the decision in *Mussina* v. *Alling,* 11 An. 568, as conclusive upon this point. But an examination of the reasons for judgment in that case will show that it was not decided upon the exception to the jurisdiction alone, or even principally; in addition to which, this action is entirely different from that of *Mussina* v. *Alling.* The present is the action *mandati directa,* given by law to the principal against his attor-

5

NICHOLSON
v.
HENNEN.

ney to render an account of his agency, and to pay over what he has received in virtue of his agency. La. Code, 2973, 2974; Merlin, Rep. de Jurispr., *verbo* Mandat.

The contract of mandate, which is the basis of the present action, was made in New Orleans, between parties all residents of New Orleans. The object of the contract was the collection of debts due by a debtor residing in another State, or whose succession was opened in another State; and to effect that object, the mandatory was empowered to purchase and acquire lands in the State of the debtor's residence, for the account of the principals—the titles to be taken in the name of the mandatory, and conveyances to be by him subsequently made to the principals. The conveyance of lands prayed for by plaintiffs in their petition in this case was, therefore, clearly an incident of the account to be rendered of the gestion of the mandatory, and, as such, a proper matter for the decree of the Louisiana court, which, being competent to entertain the *actio mandati directa*, is competent to pass upon all incidents and accessories of that action.

Defendant excepts, that all the principals, who are joint obligees in the contract of mandate, have not joined in this action; that Purdon & Brother are not parties thereto.

This exception was well taken, and the proceedings should have been stayed until all the obligees were before the court. The attorney in fact cannot be held to render as many accounts of his agency as there are principals in a joint mandate. *Douglas* v. *Edwards*, 9 La. 234; *Overton* v. *Overton*, 10 La. 474; *Allard* v. *Orleans Navigation Company*, 14 La. 29.

The conclusion at which we have arrived upon the exception of the want of proper parties, precludes us from passing, at this time, upon the other points made in argument.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the cause be remanded, with leave to make Purdon & Brother parties to the same, and for further proceedings according to law; the plaintiffs and appellees to pay costs of appeal.