## BOLES v. JESSUP.

### Opinion delivered March 18, 1893.

*Administration—Mistake in payment of claim—Recovery—Parties.*

    An administrator by mistake reported to the probate court more assets than he had, and was ordered to pay probated claims accordingly. In a suit by the assignee of such administrator, brought after expiration of the term of the probate court, to set aside the order of that court directing distribution of the assets and to recover the amount of certain overpayments to a creditor of the estate, *held* :—

(a) That the circuit court, in the exercise of its equitable jurisdiction, has the right to set aside the judgment of the probate court on the ground of mistake.

(b) That the fact that the cause was without objection tried at law by the judge sitting as a jury was not a reversible error.

(c) That, the claim not being assignable, the administrator should have been made a party, but this defect was remedied by making him a party after the action was begun.

Appeal from Yell Circuit Court, Dardanelle District.

GEORGE S. CUNNINGHAM, Judge.

*Wm. N. May* for appellant.

1. It was error to permit Cox to amend by making a new party plaintiff. 34 Ark. 144 ; Mansf. Dig. sec. 4933.

2. The statute of limitations commenced to run from the April term, 1883, of the probate court, and the suit was barred. 36 Ark. 221 ; Mansf. Dig. sec. 4934 ; 11 S. W. Rep. 12.

3. The order of the probate court became final after the lapse of the term. 12 Ark. 95. The subsequent order setting it aside was void. 41 Ark. 104.

BATTLE, J. This action was brought by Thomas Cox against Thomas Boles in the Yell circuit court, for the Dardanelle district. The complaint is very vague. As we understand it, it substantially alleges as follows : Mercator Jessup was the administrator of the estate of H. B. Hendrix, deceased. Thomas Boles held claims probated against the estate in the aggregate sum of $8,661.48. Jessup paid to him on these claims, through mistake, a dividend of ten per cent., when in fact he was only entitled to four and a half. When he made his final settlement Jessup became individually liable for the amount paid through mistake, and Boles became indebted to him in the sum of $476.40, it being said amount. Jessup assigned this amount to the plaintiff. The prayer of the complaint was for judgment for the amount assigned and other relief.

Boles answered and admitted that he held probated claims against the estate of Hendrix, amounting in the aggregate to the sum of $8,661.48, and had received from Jessup, as administrator, a dividend of ten per cent. on them amounting to the sum of $866.15, but denied that it was paid through mistake, or that Jessup became individually liable for the difference between ten and four and a half per cent. on such claims ; and alleged that Jessup, as such administrator, filed, at the April (1883) term of the Yell probate court, a report showing that he had in his hands funds of the estate sufficient to pay ten per cent. on the claims ; that the probate court ordered

him to pay to the creditors the ten per cent. ; that in obedience to this order the administrator paid to him the $866.15, taking his receipts for the same ; that the order of the probate court was not set aside or revoked before the payment to the defendant or the expiration of the term at which it was made ; and that Jessup filed the receipts with his settlement as such administrator and received credit therefor ; and further answering pleaded the three years statute of limitations in bar.

On motion of Cox, Jessup was made a co-plaintiff in the action.

The cause was, by consent, submitted to the court sitting as a jury. Evidence was adduced by both parties. The facts proved, as we find them, are as follows : Jessup was the administrator of Hendrix. In April, 1883, he made a report to the Yell probate court, in which the administration was pending, showing that he had funds of the estate in his hands sufficient to pay ten per cent. on the claims allowed against the estate. Upon this report the court ordered him to pay ten per cent. Boles being the owner of many of these claims, amounting in the aggregate to the sum of $8,661.48, Jessup paid to him thereon the sum of $866.15. Thereafter, the administrator discovered that he had made a mistake in his report, and at a subsequent term filed his annual settlement, and therein showed that he had made the mistake and how it occurred. Upon this showing the probate court made an order releasing him from the payment of the dividend as directed, and instead thereof ordered him to pay four and a half per cent. After this he paid four and a half per cent. on the claims which were not owned by Boles, and filed his final settlement, and therein credited himself with the payments to Boles, amounting to $866.15, and to other creditors, and showed a balance in his favor of $396.29, which he had paid Boles in excess of the amount he was entitled to under a correct distri-

bution of the funds of the estate. This settlement was confirmed by the probate court, and he was discharged as such administrator.

On March 1, 1886, Jessup, being indebted to the plaintiff, sold and assigned to him his claim for the $396.29, and he brought this action on the 8th of March, 1886, alleging that the amount due was $466.40. During the pendency of the action, Jessup purchased the claim from Cox.

The Yell circuit court found that Jessup, as administrator of Hendrix, paid to the defendant, Boles, $396.29 in excess of the amount to which he was entitled as a creditor of the estate, through the mistake of both parties ; and rendered judgment in favor of Jessup against Boles for $466.29, the amount of $396.29, and six per cent. per annum interest thereon from the 9th of March, 1886, to the date of the judgment ; and the defendant appealed.

The complaint is a rude and imperfect effort to state a cause of action. The plaintiff evidently sought to recover money paid through a mistake of fact made in the distribution of the assets of an estate among its creditors. He asked by implication for all relief necessary to enable him to obtain that he desired, and that included the correction of the mistake through which the money sued for was paid. What the mistake was and how to correct it did not clearly appear in the complaint. The pleader improperly left this omission to be supplied by the evidence.

The evidence adduced at the trial supplied the omission by showing that an order to Jessup, as administrator of the estate of Hendrix, to pay to the creditors the funds of the estate in his hands, according to a *pro rata* distribution, was made by the Yell probate court, through a mistake of fact. That in obedience to this order the administrator paid to the appellant, a creditor

of the estate, the sum of money sued for in excess of the amount due him, before the discovery of the mistake. That upon a final settlement this amount was shown to be owing to Jessup, the administrator, in his individual capacity.

Inasmuch as this cause was tried by both parties in the circuit court upon this state of facts, the complaint will be considered amended and the omission therein supplied accordingly. When thus amended, it is apparent that the appellant is entitled to hold the money sued for so long as the order under which it was paid remains in force. A prayer to set it aside was, therefore, necessarily embraced in the relief asked for. All persons interested in the order being parties to the action, it is obvious that the court, in the exercise of its equity jurisdiction, had the right to set it aside on the ground of mistake, the term at which it was made having expired while it was in full force. It is true that the court did not formally set it aside, but it reached the same end at which it would have arrived had it done so. The fact the court heard the cause sitting as a jury instead of in chancery was not a reversible error. Appellant was not prejudiced thereby. The cause was heard by the court, without the intervention of a jury, and the result should have been the judgment rendered, in the event it had been tried in equity.

The action was not barred by the three years' statute of limitation. The right of action accrued at the time when the over-payment was made, which was after the order was made in April, 1883, and the suit was brought on the 8th of March, 1886. Cox was the equitable owner of the claim sued on at the time the action was commenced. The claim not being assignable, Jessup should have been made a party, but this was a defect that could have been and was remedied by making him a party.

Judgment affirmed.