## SNEDDEN v. HARMES.

ASSIGNMENT OF ACCOUNTS—SPLITTING DEMANDS.
An assignment of a part of a demand can be made only with the consent of the debtor.

*Error to the County Court of Huerfano County.*

Mr. H. A. COLE, for plaintiff in error.

Mr. R. R. ROSS and Mr. HENRY B. BABB, for defendant in error.

THOMSON, J., delivered the opinion of the court.

The plaintiff in error sued Henry Doerffler for a debt, and caused Fred E. Cowing to be summoned as garnishee. The defendant in error intervened, claiming that $94.20 of the money attached in the hands of Cowing belonged to him, having been assigned to him by Doerffler. The intervenor had judgment for the amount of his claim.

The intervenor's title to the money depends upon the alleged assignment. The amount owing by Cowing to Doerf-

fler was $143.  If there was an assignment, it embraced only
a part of the demand.   Such an assignment can be made only
with the consent of the party from whom the money is due.
It is not allowable to a creditor to split up his cause of action
by assigning parts of it, thus creating as many new causes of
action as there are assignments, without the concurrence of
the debtor.   *Insurance Co. v. Bullene*, 51 Kan. 764 ;  *Welch
v. Mayer*, 4 Colo. App. 440.   There was no pretense that
Cowing ever consented, directly or indirectly, to this alleged
assignment.

The only evidence introduced in support of the allegation
that the money was assigned to Harmes consisted of three
checks, one for $33.00, one for $27.00, one for $34.30, drawn
by Doerffler in favor of Harmes, upon Walsen & Wheeler's
Bank at Walsenburg.   The checks were never presented for
payment.   From some obscure statements in the record it
may be gathered that when the checks were drawn there was
some kind of a check in the bank payable to Cowing, and
awaiting his indorsement in order to be converted into
money, out of which the amount due Doerffler was to come;
and that it was Doerffler's intention by the checks upon the
bank to transfer a portion of this fund.   It is upon this sup-
posed intention that counsel for the intervenor rests his argu-
ment.   We know of nothing more useless for any purpose
than a naked intention.   The checks could not operate as a
transfer of anything except money to Doerffler's credit in the
bank.   No intention, however well defined, or distinctly ex-
pressed, could convert them into an assignment of the debt
due from Cowing to Doerffler.   The intervenor had no stand-
ing below, and he has none here.

The judgment will be reversed.

*Reversed.*