[No. 1729.]

McMurray et al. v. Marsh, Administrator.

1. Attorneys at Law—Authority.
The general authority of an attorney employed to prosecute a cause extends only to the procuring and collecting the judgment. Without special authority he could not compromise or receive payment of the judgment in anything but money, and his client would not be bound by any such compromise or settlement.

2. Judgments—Partial Assignment.
The rule that a creditor cannot split up his demand by assignment of a portion of it without the consent of the debtor, exists for the benefit of the debtor, and the creditor cannot raise the objection of want of consent of the debtor. Where a judgment creditor assigns a part of the judgment he cannot repudiate the contract, whether or not the debtor consented to the assignment.

*Error to the District Court of Arapahoe County.*

Mr. George C. Norris and Mr. Emerson J. Short, for plaintiffs in error.

Messrs. Tolles & Cobbey, for defendant in error.

THOMSON, P. J.

This is a proceeding in mandamus to compel payment of a judgment in favor of the estate of Obed Crisman against the city of Denver.

The petition alleged the institution of a suit by Crisman in his lifetime against the city; the death of Crisman pending the litigation; the revival of the action in the name of his administrator; the recovery of judgment for $300, and an appropriation by the city council to pay the judgment; the diversion of the fund to other purposes; and the non-payment of the judgment. The answer, among other things, alleged that the attorney who instituted and prosecuted the suit was S. E. Browne; that after the judgment was recovered, and while a motion by the city for a new trial was pending, the controversy was settled by an agreement between Browne and the city, whereby the latter was to make certain improvements for the benefit of the property of the estate, damages occasioned by the want of which, had given rise to the litigation, and which improvements, when made, were to be in full satisfaction of the judgment and of the claims of all persons interested in it; that the city thereupon made the improvements, and performed all the matters and things required by its agreement; and that by reason of the premises, the judgment was satisfied, and the city discharged from all further liability upon it. The answer further averred that, prior to the agreement, by virtue of a contract between Browne and the plaintiff in the suit, he (Browne) became the owner of $100 of the judgment, and was such owner, at the time he made the agreement with the city. The answer was demurred to for insufficiency, and the demurrer sustained. Judgment followed, from which error is prosecuted.

The answer set forth no authority in Browne to make the agreement, and in the absence of special authority for the purpose, his client was not bound by his action. The general authority incident to his attorneyship, extended only to the collection of the judgment, and he could receive nothing but

money.  But if he was the owner of a portion of the judgment, the performance by the city of the agreement into which it entered with him, operated to satisfy the judgment to the extent of his interest in it.  It is said, however, in behalf of the petitioner, that partial assignments of judgments are not permitted.  This statement is too broad.  It is not allowable to a creditor to split up his demand by the assignment of portions of it, without the consent of his debtor. The latter cannot against his will be subjected to the harassment and annoyance of separate proceedings by different owners to collect a debt which is an entirety, and the rule applies to judgments as well as other choses in action.    *Welch v. Mayer*, 4 Colo. App. 440 ; *Snedden v. Harmes*, 5 Colo. App. 477 ; *Burnett v. Crandall*, 63 Mo. 410 ; Freeman on Judgments, § 424.   But where the assignment is consented to by the debtor, or is afterwards ratified by him, the objection disappears, and the title of the assignee cannot be questioned. The assignment is pleaded and relied upon in the answer as a defense, and whether consent was originally given or not, the answer ratifies the assignment, and estops the city from denying that it was given.

We have briefly noticed the doctrine in relation to partial assignments of choses in action, because it has been made the subject of argument, but the decision in this case is not properly dependent upon it.   The rule exists for the benefit of the debtor, and it is he only who can invoke it.   The assignor is bound by his assignment, and he cannot raise the objection of want of consent of the debtor.   By the assignment he undertakes to vest property in another, and it is not permissible to him to stultify himself by attacking the title which he has transferred.   According to the answer, by contract between the judgment plaintiff and Browne, the latter became the owner of part of the judgment, and unless there was fraud in the transaction, the plaintiff cannot repudiate the contract, or gainsay the ownership which he vested in Browne, no matter what the attitude of the defendant in relation to the matter may have been.

The demurrer admitted the allegations of the answer, and, accepting them as true, the judgment was satisfied in so far as Browne was an owner in it; the answer was good as a partial defense ; the petitioner was not entitled to a mandamus for the payment of the entire judgment, and the court in sustaining the demurrer, and in awarding a peremptory writ as prayed, erred.

The judgment is reversed.

*Reversed.*