WILLIAM KINART, Appellant, v. SEABURY COMPANY et al., Appellees.

**APPEAL AND ERROR:** Harmless Error—Improper Order Working Correct Results. An improper order will not be disturbed when it effects the results which a proper order would have effected. So held where plaintiff sued and obtained verdict on a "split" account, without in any manner joining the assignee, and the court, instead of granting defendant new trial, allowed the verdict to stand, but arrested the entry of judgment until plaintiff brought in the assignee.

**PARTIES:** Action on "Split" Account. A party who has assigned *part* of an account may not sue on the unassigned part without joining the assignee, either as a plaintiff or defendant.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

JUNE 25, 1921.

ACTION upon an account. Verdict for plaintiff. The court suspended the entry of judgment on the verdict, and plaintiff appeals.—*Affirmed.*

*J. S. Dewell,* for appellant.

*P. F. Roadifer, Cochran & Wolfe,* and *Ambrose Burke,* for appellees.

STEVENS, J.—This case present a somewhat anomalous situation. The defendant Frank Seabury, doing business under the name of the Seabury Company, having a contract with the board of supervisors of Harrison County for the construction of some part of a drainage improvement, employed the plaintiff to perform services for him upon such improvement. Services were

rendered to the amount of $331, which the company refused to pay; whereupon plaintiff filed a statement of his account with the county auditor of Harrison County, praying that same be paid out of funds due Seabury Company from the county; but the Seabury Company still refused to pay plaintiff, although sufficient money therefor was due it from the county. For the purpose of enabling the Seabury Company to secure the use of the balance due from the county, on November 12, 1917, it executed a bond to the county in the penal sum of $750, with the defendants W. H. Johnson and D. H. Seabury as sureties. Prior to the execution of the bond, the International Harvester Company of America had caused a claim for $363.55 to be filed in the office of the county auditor against the Seabury Company. This account included $215 of plaintiff's claim, which he had in writing assigned to the Harvester Company. The bond above referred to provided:

"The condition of the above obligation is such that whereas claims and assignments by the said Fred Brown, J. W. Kinert, and International Harvester Company of America to the amount of $363.55 against the said Seabury Company have been filed in the office of the auditor of the county of Harrison, state of Iowa by the said Fred Brown, J. W. Kinert, and International Harvester Company of America same being the amount of claims and assignments asserted to be due them for work done for the said Seabury Company on the contracts on Boyer Cut-off No. 1, Harrison, Pottawattamie District No. 1.

"Now, therefore, if the said Seabury Company, its heirs and executors, and assigns shall at all times keep harmless the said Fred Brown, J. W. Kinert, and International Harvester Company of America, and the county of Harrison, state of Iowa, their heirs, executors and assigns from and against all obligations under said claims and assignments and from and against all costs, damages, and expenses that shall or may arise therefrom then this obligation to be void, otherwise to remain in full force and virtue."

Plaintiff in his petition ignored the partial assignment to the International Harvester Company, and demanded judgment for the full amount of his claim of $331, with interest thereon at 6 per cent from August 15, 1916, the date when his services

ended. The defendants Seabury Company and Frank Seabury filed answer denying the allegations of plaintiff's petition, admitting, however, that a contract was made with him to perform services upon the drainage improvement, but denying that any services were performed, and further setting up a counterclaim covering various items not necessary to be set out in detail, and demanded judgment against the plaintiff thereon for $595.83. The defendant Harrison County, for answer to plaintiff's petition, set up the alleged partial assignment of the account to the Harvester Company, and asked that no judgment be entered as against it until the assignee should be made a party and its interest therein adjudicated. A somewhat similar plea, as we interpret it, was filed by the defendant Seabury Company, by way of amendment to its original answer. No specific plea, setting up that plaintiff's cause of action was not being prosecuted in the name of the real party in interest, was interposed, but the facts pleaded were sufficient to present this issue. The court withdrew from the jury all issues relating to or involving the alleged partial assignment of plaintiff's claim to the International Harvester Company, and the jury returned a verdict for plaintiff for $297.87. After the verdict of the jury was returned and filed in the clerk's office, the defendant Harrison County filed a motion for judgment in its favor, based upon the alleged partial assignment to the Harvester Company, notwithstanding the verdict, alleging therein that no judgment should be entered upon the verdict until the assignee should be made a party, and its interest in the amount determined and adjudicated by the court. The remaining defendants filed separate motions for judgment notwithstanding the verdict, upon the ground that it appeared affirmatively from the evidence that the plaintiff was not the real party in interest; also setting up the partial assignment to the Harvester Company. The defendant Seabury Company also filed a motion for new trial, alleging error in several paragraphs of the court's charge to the jury, including the withdrawal from the consideration thereof of the issue tendered by the allegations of the alleged partial assignment of plaintiff's claim to the Harvester Company; also in various rulings of the court upon objections to testimony. The record does not disclose that exceptions were taken to any of the instructions

complained of, nor is the evidence or the rulings of the court upon objections to testimony set out therein. The court overruled the motion for a new trial, but sustained the motions for judgment notwithstanding the verdict, to the extent of directing that judgment be not entered until such time as the Harvester Company should be made a party to the action, and its rights in the subject-matter of the cause of action adjudicated. The plaintiff alone appeals, assigning error in the ruling of the court upon the motions of the defendants for judgment notwithstanding the verdict, and in its order directing that entry of judgment be suspended, as above stated.

The validity of the partial assignment of the account to the Harvester Company is not challenged by the plaintiff in the evidence, and we may, therefore, assume that the allegations of the separate answer pleading same are true. Section 3047 of the Code authorizes the assignment of open accounts, and provides for the prosecution of actions thereon in the name of the assignee. Code Section 3459 requires every action to be prosecuted in the name of the real party in interest. This assignment, however, transferred to the assignee all of the interest of plaintiff in said account to the extent designated, so that, at the time this action was commenced, it was owned in part by plaintiff and in part by his assignee. The rule is fully settled by the courts of this country that a single cause of action may not be split so as to permit the bringing of successive actions without the consent of the debtor. *State v. Layton,* 25 Iowa 193; *James v. City of Newton,* 142 Mass. 366 (8 N. E. 122); *Thiel v. Week Lbr. Co.,* 137 Wis. 272 (118 N. W. 802); *McMurray v. Marsh,* 12 Colo. App. 95 (54 Pac. 852); *National U. F. Ins. Co. v. Denver & R. G. R. Co.,* 44 Utah 26 (137 Pac. 653); *Bowen v. Haskell,* 53 Minn. 480 (55 N. W. 629); *Rivers v. Wright & Co.,* 117 Ga. 81 (43 S. E. 499).

The right of plaintiff to recover upon the account which was in part assigned to the Harvester Company was directly put in issue by defendant's answer. Instead of consenting that separate actions might be brought by plaintiff and his assignee to recover the amount claimed by each, defendants affirmatively set up the assignment, and asked that plaintiff's assignee be made a party to the action. Plaintiff ignored this plea by

the defendants, refused to recognize any right possessed by his assignee, and demanded judgment for the full amount of the claim. The fact of the assignment was established without conflict in the evidence.

Upon the issues tendered, and upon the record, plaintiff was not entitled to recover. What, then, is the situation of the parties, as fixed by the final ruling and order of the court? The verdict in plaintiff's favor for the full amount of the claim was permitted to stand. Defendants' motion, presenting good grounds for a new trial, was overruled, entry of judgment denied, and further proceedings suspended until plaintiff's assignee could be made a party, and its interest in the amount found due ascertained and adjudicated. Was the ruling of the court denying the motion for a new trial, but suspending the entry of judgment upon the conditions mentioned, therefore, prejudicial or, in effect, adverse to the plaintiff? Anciently, at common law, choses in action were assigned only with the consent of the debtor, coupled with his promise to pay the debt to the assignee. Later, and at an early day, the courts of this country disregarded the common-law rule, and recognized the doctrine of "equitable assignments." *Kane v. Clough,* 36 Mich. 436; *Wheeler v. Wheeler,* 9 Cow. (N. Y.) 34; *Peugh v. Porter,* 112 U. S. 737, (28 L. Ed. 859). Statutes have, however, in more recent years, been passed in England, authorizing the assignment of various choses in action; and in most of the states, practically all choses in action are assignable. *Taylor v. Galland,* 3 G. Greene 17. We see no reason why, as held in many jurisdictions (*Grain v. Aldrich,* 38 Cal. 514, *Singleton v. O'Blenis,* 125 Ind. 151 [25 N. E. 154], *Allard v. Orleans Nav. Co.,* 14 La. 27), actions may not be brought in this state by the assignor and assignee jointly, or why plaintiff may not have brought his action in equity, joining the assignee as a defendant, and obtained a complete adjudication of their respective interests in the claim. Section 3460, Code; *Boles v. Jessup,* 57 Ark. 469 (21 S. W. 880); *Hobart v. Andrews,* 21 Pick. (Mass.) 526; *Kramer v. Wood,* (Tenn.) 52 S. W. 1113. Therefore, had the court sustained defendants' motion for a new trial, plaintiff would have been compelled either to join his assignee with him as plaintiff in the

2. PARTIES: action on "split" account.

pending action or to make it a defendant, and move that the issues be tried in equity. A trial of whatever issues might be tendered by the assignee, if made a party herein in the present state of the record, would necessarily be had and the rights of the parties determined the same as though the account had been admitted by the defendants, and the same issues joined in an original action in equity. While, in a sense, the order of the court prevented plaintiff from having judgment entered upon the verdict at once, it was, in practical effect, rather favorable to him. No legal right of plaintiff was jeopardized thereby. He was given the benefit of a jury trial, and the rights of all the parties were fully protected. A reversal would be awarded with such directions as would permit the court to make further orders accomplishing the same result. It may be conceded that the motions for judgment notwithstanding the verdict presented no statutory grounds therefor; but, as stated, a reversal, if granted, would have to be upon conditions fully respecting and preserving the rights of the parties. If the assignment is valid, plaintiff should not be permitted to take advantage of the situation, as presented; if not, he has nothing to fear.

Thus far, we have given no consideration to the authorities cited and relied upon by counsel for appellant, of which *Searles v. Northwestern Mut. Life Ins. Co.*, 148 Iowa 65, is typical. These cases are not in point. In the *Searles* case, the action was upon a policy of life insurance, in the name of the administrator of the estate of the insured. One of the defenses urged was that the policy had been legally assigned by the insured; that action was pending thereon in a foreign jurisdiction; and that the assignee was not a party. We held that plaintiff was not required to make the assignee a party, and that the question of the validity of the assignment might be, and was, litigated, the plaintiff claiming that the insured did not have mental capacity to make alleged assignment, and that it was, therefore, void. No question of splitting an action was involved in any of the cases cited.

It is our conclusion, therefore, that the judgment of the court below should be, and it is,—*Affirmed.*

Evans, C. J., Arthur and Faville, JJ., concur.