BERRYHILL V. JACOBS *et al.*

1. **Default:** RES ADJUDICATA: EFFECT OF APPEAL. Service by publication only: judgment by default: defendant appealed to the Supreme Court, where the judgment was affirmed upon the ground that no motion had been made in the court below for a new trial as provided by § 3160 of the Revision of 1860: *Held*, That the judgment of affirmance did not affect the defendants' right to make the motion in the court below, within the time prescribed by said section.

*Appeal from Johnson District Court.*

THURSDAY, APRIL 12.

*Fairall & Boal* for the appellant.

*W. E. Miller* for the appellee.

LOWE, Ch. J. — This cause was before us at the December Term, 1865, upon the appeal of the defendants. They had been served by publication only, and had not appeared, and judgment had gone against them by default. In appealing, they complained, first, that the service was illegal, which objection was held not to be well taken.

1. DEFAULT: *res adjudicata:* effect of appeal.

Secondly, that the court below had decreed that the title to the land described in the petition should vest in the plaintiffs, which was relief not asked for in the petition,

and therefore improperly granted. We held, in regard to this objection, that it was not available to the appellant. That under section 3160 of the Revision, the defendants had two years within which, in cases of this kind, to move the court to have the action retried; that until such motion was made and overruled, this court, under another section of the Revision, namely, 3545, was not at liberty to reverse the judgment or order for an error which could thus be corrected on motion in the inferior court; and as this had not been done, the judgment by default was simply affirmed; since which the defendants have made, in the District Court, the motion contemplated by the section first above named, and the same being granted, the plaintiffs excepted, and now insists that it was error, for the reason, that having elected to appeal in the first instance without making the motion in question, and the judgment by default being affirmed on said appeal, they have had their day in court and cannot again be heard upon any question arising upon the record in the cause. This objection is unsound. It is at variance with the true intendment of the statute. It is a mistake in supposing that the defendants have had their day in court in this case. They had not when judgment was taken against them by default, upon service affected by publication only, and for this reason another opportunity was afforded them for such a day, under the provisions of section 3160, *supra*.

They cannot in verity be said to have had their day in this court upon the appeal, because under section 3545 we were not at liberty to give them a hearing on any matters of defense, whether errors of law or questions pertaining to the merits, until a motion was made and overruled in the court below as above suggested; and although in passing upon this appeal, we affirmed the judgment below, yet the effect of our decision was to deny them a hearing, and

to remit them to their rights and privileges under section 3160 referred to. They have availed themselves of this right within the time limited, and the court, in our opinion, rightfully entertained the motion.

Affirmed. ·