## COAKLEY v. McCARTY *et al.*

1. Practice: WAIVER OF ERROR. The rule, that the right to object to the action of the court below, in overruling a demurrer to the petition is waived by the defendants answering over, applies also to the action of the court, in overruling a motion to have the allegations of the petition made more specific.

2. —— ON APPEAL. The supreme court will not pass upon errors which could have been corrected in the court below, as, for instance, one relating to the form of judgment, until a motion for that purpose has then been made and overruled.

*Appeal from Madison Circuit Court.*

THURSDAY, MARCH 28.

THIS action is brought to recover of the defendants the value of certain promissory notes, which she alleges were wrongfully and fraudulently obtained by the defendants from her possession, and by them converted to their own use. Defendants filed a motion for a more specific state-

ment of plaintiff's cause of action, which was in part sustained, and the petition amended so as to comply with the ruling on the motion. Defendants excepted to the ruling of the court on the motion, in that it was not sustained in full. A joint answer of all the defendants was then filed, embracing four courts.

1st. A general denial of all the allegations in the petition.

2d. A specific denial of each allegation therein. The third and fourth counts, in different forms, state substantially that the property sued for was the property of one Josiah James, deceased; that the defendant David McCarty, as the duly appointed administrator of the estate of said deceased, took possession of said property as the property of the said deceased, and returned a list and inventory thereof to the circuit court according to law; that the other defendants never took or had the said property or any of it, or of any of the proceeds thereof; that McCarty took said property only as said administrator, and in no other capacity; that the plaintiff was present and consented that said property should be so taken by said administrator and made no claim thereto; that before the commencement of this action, without objection or notice from plaintiff, he disposed of said property and collected said notes and applied the same to the payment of the debts of the deceased, wherefore it is alleged, the plaintiff is estopped from claiming the same or the value thereof.

Defendant McCarty filed a separate answer substantially the same as the joint answer, and he also filed a petition of intervention, setting up the same facts contained in the third and fourth counts of the joint answer. To this petition plaintiff answered, denying generally and specifically its allegations and alleging that the property belonged to her, and that defendants, with full knowledge of her rights, and by means of false and fraudulent representations, obtained the property from plaintiff.

Defendants demanded separate trials. Plaintiff elected to try the cause against David McCarty as administrator. V.erdict and judgment for plaintiff, and defendant appeals.

*John Leonard* for the appellant.

*Wainwright & Gilpin* for the appellee.

MILLER, J. — I. The first error assigned is the overruling of the defendant's motion for a more specific statement of the facts constituting the plaintiff's cause of action.

1. PRACTICE: waiver of error.

This error, if any there was, was waived by the defendant answering the petition and going to trial thereon. *Snell* v. *Hancock*, 11 Iowa, 117; *County of Mahaska* v. *Ingalls*, 16 id. 81; *State* v. *Klingman*, 14 id. 404; *Franklin* v. *Twogood*, 18 id. 515; *Wilcox* v. *McCune*, 21 id. 294. These cases hold that answering after a demurrer is overruled waives the demurrer. The same consequence follows when defendant answers after the overruling of a motion attacking the petition.

II. The overruling of defendant's motion for a new trial is the next error assigned. Under this assignment the counsel for appellant presents, in his argument, the question of the sufficiency of the evidence to sustain the verdict. His argument upon the evidence is able and elaborate, and were we sitting as a court or jury, trying the cause *de novo*, we would be inclined to hold with him on the preponderance of the evidence as it appears in the printed abstract. But there is quite considerable conflict in the evidence, and under the instructions of the court, to which no exceptions were taken, the jury might fairly determine this conflict in favor of the plaintiff. We have frequently held that where the evidence is conflicting, and the court below has refused a new trial, we will not disturb the verdict.

III. The only remaining error assigned and argued is: "In rendering judgment in favor of plaintiff and against the defendant for costs, and in rendering judgment against him as administrator, and in making it absolute and not qualified or conditional."

2.—on appeal.

Without deciding whether these objections would be tenable or not if properly presented, it is sufficient answer to this assignment that these objections were not made in the court below. We have uniformly held that we will not review or pass upon questions not presented in the court below, nor correct errors which might have been corrected there, until a motion has been made in such court and overruled. The errors complained of, if they are such, could have been corrected on motion in the court below, and until such motion has been made and overruled we are not authorized to review them. Rev., § 3545; *Berryhill* v. *Jacobs*, 20 Iowa, 246, and cases there cited; *McGregor* v. *Gardner*, 16 id., 538, 543; see also cases on this point collected in 2 Iowa Digest, § 100, pp. 61, 62, 63, 64.

Finding no error on which we can reverse the judgment it is

Affirmed.