M. N. CLARK & COMPANY, Appellee, v. M. E. MONSON, Appellant.

**BROKERS:** Compensation—When Earned—Evidence. Evidence reviewed, and giving it the most favorable construction which, in reason, could be given to it, held sufficient to present a jury question on the issue whether the broker was the procuring cause of a sale.

**WITNESSES:** Contradictory Statements Out of Court. A witness who, on cross-examination, denies having made certain material statements out of court contradictory of his material statements in court, may, as a matter of right, be required to state *what he did state out of court.*

**PLEADING:** Answering Over. Error in overruling motion to strike and to divide petition into counts is waived by answering over.

*Appeal from Hardin District Court.*—R. M. WRIGHT, Judge.

MARCH 7, 1918.

REHEARING DENIED JUNE 24, 1918.

THE plaintiffs and appellees had verdict for a commission which they claimed was due for aiding in a sale of land made by the defendant, and defendant appeals.—*Reversed and remanded.*

*Williams & Huff,* for appellant.

*E. H. Lundy, Dean W. Peisen,* and *W. H. Soper,* for appellee.

SALINGER, J.—I. Reduced to its lowest terms, one claim of the plaintiffs' is an agreement that defendant was to pay them $2.00 an acre "upon all lands that the defen-

dant might be able to sell to any person or

**1. BROKERS:** persons either upon contract or by deed, if
**compensation:**
**when earned:** such person were brought to the said Mon-
**evidence.**
son by the plaintiffs or were what is com-
monly known as the customers of plaintiffs or buyers pro-
duced by plaintiffs." It is alleged that, pursuant to said
contract, the plaintiffs did find one Hundeby as a buyer or
purchaser of land, who purchased a certain quarter section
of land from defendant. The ultimate claim of the appellees
is, there was an agreement whereby plaintiffs were to receive
$2.00 an acre commission upon all lands which defendant
might be able to sell to persons "brought to him" by the
plaintiffs.

On the complaint that the plaintiffs had no case to go
to the jury, the plaintiffs are entitled to the most favorable
construction that may in reason be drawn in their favor
from all the testimony. Can it be said there is no evidence
that plaintiffs did any bringing to the defendant which was
in any way instrumental in bringing about the sale which
defendant made to Hundeby? True, the plaintiffs did not
take Hundeby to Elmore, where the defendant lived and was
doing his selling. Hundeby went there to meet one Olson,
for the purpose of looking at some land which Olson owned,
near Elmore. Hundeby was delayed in reaching Elmore;
and, when he finally found Olson in the defendant's office,
Olson informed Hundeby that he, Olson, didn't have much
time, that he would like to make his train home, and if he
did so, they had only about an hour; whereupon Hundeby
suggested that they get an auto and go out to see Olson's
land. Olson found the plaintiffs and induced them to fur-
nish their car to take the parties out to look at the Olson
land. The plaintiffs occupied the front seat of the car.
Neither on the way out or back did the plaintiffs say any-
thing to Hundeby about a purchase of any land. Up to
this point, plaintiffs make no case. The question is as to

what occurred after they returned to Elmore. There is a dispute as to what happened then, but the jury settled it in favor of the contention of the plaintiffs. The testimony for them is that, after the parties reached Elmore, one of the plaintiffs asked Hundeby whether he would be interested in a raw quarter of land which was, at the time, being offered for sale by defendant; and Hundeby said he would be interested. The plaintiff then told Hundeby the plaintiff was working with defendant, and would go down to his office. On the way to the office, they met defendant, talking with some men. One of the plaintiffs called Monson aside, and introduced him to Hundeby. The defendant sold this quarter to Hundeby.

In a letter which closed the correspondence which is relied upon to be the contract between the parties, it is stated that the commission is to be paid on lands sold, which are included in a list sent in this letter. But it is to be added the same letter states that the list is only a partial one of those the defendant had to offer, and it may fairly be said, upon the whole record, that plaintiffs should not be defeated merely because the land on whose sale they claim commission was not included in any list that the defendant sent to them.

The jury could have found that defendant made his sale without any help from the plaintiffs. But we are not prepared to say that its finding to the contrary can be interfered with.

II. One Winterfield, a witness for plaintiff, denied having made statement out of court to the effect that he had mistakenly testified, on a former trial, that the person introduced by plaintiff to defendant was Hundeby; and that, in truth, he did not know who the person was that was introduced. He was thereupon asked to state what it was he had said out of court. He was not allowed to answer,

2. WITNESSES: contradictory statements out of court.

on the objection that it was not cross-examination. The rights of the plaintiffs rest practically upon whether they did introduce the man to defendant who bought of defendant. The witness had given testimony on this trial that plaintiffs did introduce this man to defendant. For aught we can know, this testimony turned the verdict. It was certainly cross-examination to show the witness had stated he did not know who the person was that was introduced. So it all narrows down to whether the right to cross-examine was at an end, the moment the witness declared categorically that he had made no such statement. We think it was cross-examination to have the witness tell the jury, not only his construction of what he had said, but, as well, to have him state, if he would and could, what he *had* said. Had he told the jury what he actually had said, they might have found therefrom an admission he did not know who it was that the plaintiffs introduced to defendant. It was legitimate cross-examination to have the witness narrate what he had said, in order that the jury might determine, from the statement of it, whether or not, notwithstanding the opinion of the witness to the contrary, it proved the witness did not have that knowledge on a material point that he was professing to have.

III.    There are a number of assignments complaining of rulings, denying motions to strike, and to divide and number, and the like.    They are not tenable, because the defendant answered. *Coakley v. McCarty,*

3. PLEADING: answering over.

34 Iowa 105; *Kline v. K. C., St. J. & C. B. R. Co.,* 50 Iowa 656; *Heiman v. Felder,* 178 Iowa 740.

IV.    Many other errors are complained of, which complaints are either untenable or are errors not likely to be committed upon a retrial; and we give them no further consideration.

For this error in limiting the cross-examination, as was done, the cause must be—*Reversed and remanded.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.