OREN CROW, Appellee, v. WIER CASADY, Appellant.

APPEAL AND ERROR: Waiving Error—Answer After Unsuccessful
1  Motion. Error in overruling motion for more specific statement is waived by the filing of an answer by movent.

BROKERS: Action for Compensation—Inconsistent Defenses. A prin-
2  cipal who has refused to convey, solely on the ground that the purchaser produced by the broker was granted a purchase price not authorized by the principal, may not, when *afterwards* sued by the broker for commission, defend on the ground that the purchaser so produced was not ready, able, and willing to pay such purchase

price; especially when the verdict finding such ability and readiness has supporting evidence.

**TRIAL:** Instructions—Exceptions—Effect of Extension of Time to File
3   Motion for New Trial. An extension of time in which to file a motion for new trial does not act as a like extension of time in which to file exceptions to instructions. Exceptions to instructions *must* be filed within five days after verdict, in order to secure review on appeal, unless time is extended.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON, Judge.

MAY 10, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ACTION to recover a real estate broker's commission. Verdict for plaintiff, and defendant appeals.—*Affirmed.*

*Brocket, Strauss & Blake,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

FAVILLE, J.—I. The appellee is a real estate broker, engaged in business in Des Moines. He brought this action to recover a commission for procuring a purchaser for certain land owned by the appellant. The cause was submitted to a jury, which returned a verdict in favor of the appellee. The appellee in his petition alleged that he was orally employed by appellant as a real estate agent, to find a purchaser for a certain farm in which appellant had an interest under a contract of purchase. The petition alleges that, in pursuance of such employment, appellee procured a purchaser who was ready, willing, and able to buy the said farm at the price asked by the appellant; and he seeks recovery for a reasonable commission. The settling of the somewhat simple issues in the case was only brought about after a series of attacks and counter attacks. The petition was first assailed by a motion for more specific statement, which was sustained in part and overruled in part. Thereupon, the petition was amended, and it was again attacked with a motion for a

1. APPEAL AND ERROR: waiving error: answer after unsuccessful motion.

more specific statement, which was also sustained in part and overruled in part. This was followed by a second amendment to the petition, which was likewise attacked with a motion to strike, which was overruled. An answer was filed by the appellant, which was, in effect, a general denial; and, at the close of all the testimony, the appellee, with leave of court, filed a fourth amendment to the petition, to conform the pleadings to the proof offered.

It is contended on appeal that, during these various maneuvers, the court erred in not sustaining the several motions for more specific statement on each and all of the grounds therein urged. After these several motions had been filed and ruled on, the appellant filed an answer, and went to trial. This constituted a waiver of any error that might have been committed in the rulings on the several motions, and we cannot now consider the alleged errors in such rulings. *Hunn v. Ashton,* 121 Iowa 265; *Denby v. Fie,* 106 Iowa 299; *Coakley v. McCarty,* 34 Iowa 105; *Kline v. Kansas City, St. J. & C. B. R. Co.,* 50 Iowa 656; *Hurd v. Ladner,* 110 Iowa 263; *Northwestern Trad. Co. v. Western L. S. Ins. Co.,* 180 Iowa 878; *Heiman v. Felder,* 178 Iowa 740; *Clarke & Co. v. Monson,* 183 Iowa 980; *Mann v. Taylor,* 78 Iowa 355.

II. There was sufficient evidence in the record to carry the case to the jury on the question of the employment of the appellee, and also of the terms and conditions upon which the

2. BROKERS: action for compensation: inconsistent defenses.

appellant was willing to sell the farm. There was also sufficient evidence to go to the jury on the question as to whether or not the appellee procured a purchaser who was ready and willing to purchase the farm at the price and upon the terms at which it had been placed in the hands of the appellee for sale. It is strenuously urged by the appellant that the record fails to show that the purchaser procured by the appellee was able to purchase the premises. The undisputed testimony shows that the farm had been purchased from one Raffensperger on a written contract, and was so held by appellant when it was placed in the hands of the appellee for sale. The appellee had also been notified that the appellant had fixed the price of said farm at $250 an acre, which was a substantial increase over the price at which

it had been purchased from Raffensperger. The appellee had also been informed by the appellant that he wanted the sale made at the price of $250 an acre for his equity in the farm.

It is argued that the record fails to show that the purchaser was able to pay this amount. The evidence shows that the purchaser gave a check for $250, at the time that he agreed to purchase the premises, and stated that he was ready to enter into a contract for the purchase of the premises, and at the time of signing said contract would pay "whatever was demanded."

The undisputed evidence shows that the purchaser owned a large farm of over 200 acres, fully equipped with machinery and live stock, and that he declared his willingness to pay cash for the appellant's interest in the farm, as soon as the appellant. could procure a good abstract and would assign his contract with Raffensperger to the buyer.

The question of the purchaser's ability to pay was submitted to the jury by the court under proper instructions, following the law on that subject as announced by this court in *Jones v. Ford*, 154 Iowa 549; *McDermott v. Mahoney*, 139 Iowa 292; and *Reynor v. Mackrill*, 181 Iowa 210.

Furthermore, the appellant testified that, when the appellee and the purchaser came to his office and insisted that he enter into a contract for the sale of the land, at that time he denied that the appellee had authority to sell the land for $250 an acre or to bring him a purchaser at that price, and insisted that he had withdrawn that price and increased it to $260 an acre, by letter previously mailed to appellee.

It was a question for the jury to determine, under the evidence, whether the original price had been withdrawn before the appellee procured the purchaser.

The refusal of the appellant to enter into a contract and close the deal with the purchaser procured by the appellee was not based upon any inability on the part of the purchaser to perform, but solely on the claim that the appellee had no authority at that time to sell at the original price of $250 an acre. We had a similar situation before us in the case of *McDermott v. Mahoney*, supra, wherein we said:

"Among the many cases to which our attention is called by counsel for appellant, we have failed to find a single one

which supports his contention that, to demonstrate the ability of the purchaser to carry out the contract contemplated in the agency agreement, it must be shown that the proposed purchaser, when offered, has on his person or instantly within reach the amount of cash required to make the purchase, where something further remains to be done on the part of the seller before he is entitled to receive the cash payment, and the latter repudiates the proposed sale and refuses to proceed, on the ground that he is unwilling to sell on the terms of the agency agreement. Having elected to repudiate, the appellant was not entitled afterwards to mend his hold by insisting that, if he had not repudiated the contract, the purchaser would not instantly have been able to produce the required cash payment. That a party who has elected one ground of objection cannot afterwards mend his hold and select another, which might have been obviated, had it then been insisted upon, is well settled. *Donley v. Porter,* 119 Iowa 542; *Stanton v. Barnes,* 72 Kan. 541 (84 Pac. 116). 'Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration.' *Railway Co. v. Mc-Carthy,* 96 U. S. 258 (24 L. Ed. 693).''

The question of the purchaser's ability to perform was submitted to the jury under proper instructions. The refusal of the appellant to perform the contract on his part was predicated wholly on his claim of a lack of authority on the part of the appellee to sell at the stated price. There was evidence to support the finding of the jury to the effect that the purchaser was able to perform the contract. The appellant is not in a position to now question the finding of the jury in this regard. There is no error in the record at this point.

III. It is contended that the authority of the appellee to sell the land had been expressly withdrawn by a letter written and mailed to appellee by the appellant before the appellee procured a purchaser. This was wholly a fact question, which was properly submitted to the jury.

Again, it is urged that the original arrangement with the appellee for the sale of the farm was made by the then owner, J. N. Casady, and that there was not sufficient evidence to sup-

port a ratification of the listing with the appellee by the appellant that would be binding upon him. This, however, was a fact question, to be determined by the jury, and with its finding we cannot interfere.

IV. It is urged that there was error in the giving of instructions, and in refusal to give instructions requested by the appellant. We cannot consider these questions, upon the record

3. TRIAL: instructions: exceptions: effect of extension of time to file motion for new trial.

in this case. Chapter 24 of the Acts of the Thirty-seventh General Assembly is as follows: "Either party may take and file exceptions to the instructions of the court or any part of the instructions given or to the refusal to give any instructions as requested within five days after the verdict in the cause is filed or within such further time as the court may allow and may include the same or any part thereof in a motion for a new trial, but all such exceptions shall specify the part of the instructions as excepted to, or of the instructions asked and refused and objected to, and the grounds of such objections."

The verdict in this case was returned on the 9th day of September, 1919. On said day, the appellant was given 10 days, by order of the court, in which to file motion for a new trial. No exceptions to the instructions given, or to the refusal to give the instructions requested, were filed within 5 days from the time the verdict was rendered. There was no extension of time for the filing of exceptions to the instructions. The extension of time was for the filing of the motion for a new trial. We have expressly held that the extension of time for the filing of a motion for a new trial is not an extension of the time for filing exceptions to instructions. We had occasion to consider this matter in the recent case of *Haman v. Preston,* 186 Iowa 1292. Said cause was decided under the law as it stood before Chapter 24 of the Acts of the Thirty-seventh General Assembly went into effect; and in said cause we construed the prior statutes, and held that exceptions not taken within the time allowed would not be considered on appeal, and that an extension of time in which to file a motion for a new trial did not extend the time within which to except to the instructions. The adoption of Chapter 24 of the Acts of the Thirty-seventh General Assembly has not changed the rule in this regard. Although

the exceptions to the instructions may be embodied in the motion for a new trial, they are not necessarily such a part thereof that the extension of time for the filing of the motion for a new trial extends the time for preserving exceptions. The right to embody the exceptions in a motion for a new trial is permissive, under the statute, and the extension of time in which to file exceptions to instructions would not extend the time for the filing of a motion for a new trial, nor would the extension of the time for filing a motion for a new trial extend the time for the filing of exceptions. Under Code Section 3756, as amended by Chapter 11 of the Acts of the Thirty-eighth General Assembly, the motion for a new trial must be filed within five days after verdict, and under Chapter 24 of the Acts of the Thirty-seventh General Assembly, the exceptions to the instructions must be taken and filed within five days after the verdict. The court may extend the time for filing either the exceptions to instructions or the motion for a new trial, or for both; but the extension of the time for doing one does not extend the time for doing the other. See full discussion in recent case of *Henry v. Henry*, 190 Iowa 1257.

Applying these rules to the instant case, we cannot consider alleged errors in the instructions that were given or refused.

V. It is strenuously urged that the evidence is insufficient to support the verdict; that it fails to show the employment of the appellee as agent for appellant, or any ratification of his acts, or that the purchaser was one ready, able, and willing to buy, within the meaning of the law. If we were triers of fact questions in law actions, we might have reached a different conclusion than did the jury in this case, but we cannot for such reason reverse.

Other questions upon which error has been assigned have been considered by us, but we find no reversible error therein.

The judgment of the lower court is, therefore,—*Affirmed*.

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.