LEO F. CROWLEY, PLAINTIFF-RESPONDENT, v. E. HOMAN
COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May term, 1925—Decided October 6th, 1925.

Contracts—Sale of Used Automobile—Alleged That Agreement
Was For a 1922 Model, and That a 1921 Model Was Deliv-
ered—Neither Bill of Sale Nor Written Agreement Referred
to a 1922 Model—Reversible Error to Admit Oral Testimony
to Vary Terms of Bill of Sale or to Supply Terms With
Respect to Which Writing is Silent—Error to Permit Wit-
nesses to Testify From Blue Book of National Used Car
Market Report Where the Only Justification is That It is
the One Generally Used in the Automobile Trade.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *O'Brien & Tarlalsky.*

For the respondent, *Edward Salley.*

PER CURIAM.

This suit was brought to recover $400. The plaintiff in
the state of demand charges that on January 7th, 1922, the
defendant agreed to sell the plaintiff a Studebaker Special
Six coupe automobile, 1922 model, but, instead, he delivered
at the agreed price a 1921 model of said automobile; that
plaintiff did not discover the misrepresentation until he at-
tempted to exchange the automobile for another automobile in
December, 1924. The case was tried by the court without a
jury, resulting in a judgment for the plaintiff for $400, and
$22.80 costs. The appellant files eight specifications of the
determination with respect to which it is dissatisfied in point
of law. Nos. 1, 2, 3 and 4, error in entering judgment for
the plaintiff, failing to enter judgment for the defendant,
refusing to nonsuit or direct a verdict in favor of the de-
fendant. These points require no discussion. No. 5, error

in admitting testimony tending to alter or vary the terms of the written contract, a bill of sale of the automobile. *Exhibit B 1*. This bill of sale is a complete instrument, signed and acknowledged before a notary public, dated January 7th, 1921. So, the written agreement. *Exhibit P 2*. No. 6, error in permitting a witness, Abe Balbot, to testify from a book known as the Blue Book of the National Used Car Market Report, published by the Chicago Automobile Trade Association. No. 7, error in permitting the witness, Abe Talbot, to testify that the difference in value between a 1921 and 1922 Studebaker Special Six coupe was the sum of $575. No. 8, error in awarding the amount of damages based on the evidence of the plaintiff's witness, Abe Balbot.

The judgment will have to be reversed for trial errors. It was reversible error to admit oral testimony to vary or alter the terms of the bill of sale (*Exhibit P 1*), and the written agreement (*Exhibit P 2*), under the well-recognized cases of *Naumberg* v. *Young*, 44 *N. J. L.* 331; oral testimony will not be permitted to supply terms with respect to which the writing is silent. *Castelbaum* v. *Wolfson*, 92 *Id.* 165. There is nothing in the bill of sale (*Exhibit P 1*) or the written agreement (*Exhibit P 2*) about a 1922 model. So, it was error to permit a witness to testify from a book known as the Blue Book of the National Used Car Market Report, published by the Chicago Automobile Trade Association. The only justification for the use of this book in the state of facts sent up with the record is, "that the said book from which he was reading was one generally used in the automobile trade." This is not sufficient to admit it in evidence or to permit it to be read from under the case of *E. Clement Horst Co.* v. *Breidt City Brewery*, 94 *Id.* 230.

The judgment of the Second District Court of Jersey City is reversed and a *venire de novo* awarded.