RALPH LOONEY, Appellee, v. MRS. G. E. PARKER et al., Appellants.

No. 40134.

April 14, 1930.

*Donnelly, Lynch, Anderson & Lynch,* for appellants.

*J. C. France, W. C. Boland,* and *Maurice P. Cahill,* for appellee.

Morling, C. J.—I. Plaintiff's wife was permitted to testify, over proper objection, that plaintiff was not able to do any work for two months following the accident. This testimony, though in the nature of a conclusion, was permissible. *Stilson v. Ellis,* 208 Iowa 1157; *Stone v. Moore,* 83 Iowa 186, 188; *Tyler v. Moore,* 111 Ore. 499 (226 Pac. 443); *Koch v. Lynch,* 247 Mass. 459 (141 N. E. 677).

II. An automobile salesman testified to the value of plaintiff's car before and after the accident. He then testified that the purpose of a publication known as "The Red Book" was "to have the loan value of financing companies before the dealer. * * * The prices listed in the Red Book are what actually can be loaned on that automobile in the sale of the automobile, which means 60 per cent of the value of the automobile, as, on

the sale of the car, there is required a 40 per cent down payment." While this testimony was inadmissible (*Crowley v. E. Homan Co.*, [N. J.], 130 Atl. 372), on this record it is without prejudice.

III. Plaintiff testified that, "immediately after the accident," defendant Hagen, the driver, said that "at the last minute, he stepped on the accelerator, instead of putting on the brakes." His wife testified that Hagen said:

"I am awful sorry; I was going fast, and did not see your car until I was too close, then I lost my head, and stepped on the accelerator, instead of the brakes."

Objections to this evidence were sustained as to defendant Parker, but overruled as to Hagen. At the conclusion of plaintiff's testimony, defendant Parker moved to strike the testimony,  on the ground that she was concededly the owner of the car, and defendant Hagen was concededly operating it with her permission; and to permit the jury to consider the admissions would result in their being considered in determining the liability of the owner, Parker. The motion was overruled. The court was requested to charge that, as the verdict must be either for or against both defendants, the testimony could not be considered. The instruction was refused. The court instructed, in substance, that, if the jury found that the collision was caused by the negligence of Hagen, and plaintiff was not guilty of contributory negligence, plaintiff would be entitled to a verdict. The court submitted but two forms of verdict: one finding for the plaintiff, and one for the defendants. The instructions did not distinguish between the two defendants, or inform the jury that, in determining whether the owner was liable, the driver's declarations could not be considered. Although by statute (Code, 1927, Section 5026), the owner of a car driven by his consent is liable for the negligence of the driver, the driver's admissions, unless brought within some exception to the hearsay rule, are not admissible against the owner. *Wilkinson v. Queal Lbr. Co.*, 208 Iowa 933; *Cooley v. Killingsworth*, 209 Iowa 646. Plaintiff contends that Hagen's statements were a part of the *res gestae*. The court, however, in ruling upon the

88

objections to them, did not admit them as against Mrs. Parker. In form, Hagen's statements were narrative. The evidence is not such as to raise an inference that they were spontaneous expressions, made in the course of a presently existing, occurring, or coinciding affair, explanatory thereof. It cannot be said, on the record, that Hagen's statements were a part of the *res gestae*. *Droullard v. Rudolph*, 207 Iowa 367. While, on the objections to the offer of the evidence, the court formally ruled that the statements were not admissible as against Mrs. Parker, the instructions were, notwithstanding, such that the evidence and admissions operated against her. Plaintiff does not urge that it was defendants' theory of the case that "the verdict must be either for or against both defendants." It seems to have been assumed that such was the theory of the plaintiff, adopted by the court. Plaintiff argues:

"The admissions objected to by appellants were properly admissible as against the defendant Hagen, and conclusively established his negligence. Therefore, the liability of the defendant Parker existed as matter of course. * * * The admissions objected to being properly admissible against the defendant Hagen, they were, therefore, properly admissible against the defendant Parker."

But as has been seen, we have decided this theory to be untenable.

IV. The court was requested to charge that, if the jury found plaintiff entitled to recover, they should allow him only the reasonable cost of repairing the automobile, if it could be  repaired so as to be in as good condition as it was before the injury, but in no event should the allowance of expense for repairs exceed the value of the car before the injury. This was refused. The court charged that, if they found plaintiff entitled to recover, they should allow him the difference between the reasonable market value of the car just before the collision and its reasonable market value just after the collision, not exceeding the amount claimed, $1,000. There was testimony tending to show that the fair and reasonable expense of repairing the car and putting it in first-class

condition would not exceed $275. By the instructions the defendants were erroneously denied the benefit of this testimony and of the applicable measure of damages. *Langham v. Chicago, R. I. & P. R. Co.*, 201 Iowa 897; *Herring Mot. Co. v. Myerly*, 207 Iowa 990.

V. The court, continuing the instruction upon the measure of damages, proceeded:

"You will also take into consideration the expense incurred by him, if any, as shown by the evidence, for medical aid, hospital care, and treatment, not exceeding the sum of $50. You  will also take into consideration the time, if any, plaintiff was rendered unable to perform his customary duties as salesman, not exceeding $1,000, and also plaintiff's bodily pain and suffering, if any, occasioned by the injuries complained of, not exceeding $5,000, and allow him such damages as, in your opinion, from all the facts and circumstances, will be a just and fair compensation for his loss of property, injuries, and expenses sustained by him; but in no event to exceed in all the sum of $7,050, as claimed by him in his petition."

Plaintiff's evidence is that he was not able to do any work for two months, and that the reasonable value of his services during those two months was $300 a month. There is no evidence as to further disability or loss of earnings or in earning capacity. The jury, however, were permitted by the instruction to make an allowance for this item not exceeding $1,000. The instruction as an entirety is misleading, as to whether plaintiff would be limited in recovering for damage to the car to its reasonable market value, or whether the jury might allow him, with respect to that item, as well as with respect to his bodily pain and suffering, such damages as, in their "opinion, from all the facts and circumstances, will be just and fair compensation for his loss of property." Irrespective of other criticisms, the instruction cannot be sustained.

VI. The court charged:

"The driver of a car following another car has a duty to perform, in being prepared for a sudden stop by the car ahead of him, and keep at such a distance and to maintain such control

 of his car as to enable him to stop without hitting the car ahead of him. Having his car under control does not necessarily mean ability to stop instanter, under any and all circumstances. A car is under control, within the meaning of the law, if it is moving at such a rate of speed and the driver has the mechanism and power under such control that it can be brought to a stop within a reasonable degree of celerity."

The first part of the instruction imposed upon the driver the duty of exercising such control as would avoid collision, whether he was negligent or not. The driver's duty was to exercise reasonable or ordinary care. *Strever v. Woodard,* 160 Iowa 332; 42 Corpus Juris 949. The instruction was confusing, self-contradictory, and misleading.

Other errors argued are not likely to recur on retrial.—*Reversed.*

STEVENS, DE GRAFF, ALBERT, and WAGNER, JJ., concur.