J. F. BRODERICK, Appellee, v. J. C. BARRY et al., Appellants.

No. 40388.

JUNE 20, 1931.

J. F. Wirds, Peisen & Soper, for appellants.

B. R. Dunn, J. C. Robinson, E. H. Lundy, for appellee.

■ MORLING, J.—I. The petition alleges that the defendant Barry "did negligently, carelessly, heedlessly and recklessly manage, control, drive, direct and operate a certain Maxwell Sedan in such negligent, careless, heedless and reckless manner as to cause the said sedan so driven by him to collide with the automobile then being driven by plaintiff herein and did so negligently, carelessly, heedlessly and recklessly fail to manage, control, drive, direct and operate the said sedan then and there by him had as to fail to prevent the said sedan from colliding with the automobile then being operated by the plaintiff." Defendants moved that plaintiff be required to make these allegations more specific by setting out the specific acts of negligence upon which he was relying. The motion was overruled. After the motion was overruled defendants answered and went to trial. Thereby they waived error, if any, in overruling the motion. Crow v. Casady, 191 Iowa 1357; Hunn v. Ashton, 121 Iowa 265; Coakley v. McCarty, 34 Iowa 105; Kline v. The K. C., St. J. & C. B. R. Co., 50 Iowa 656; Hurd v. Ladner, 110 Iowa 263; Northwestern Trading Company v. Western Live Stock Insurance Company, 180 Iowa 878, at 881; Heiman v. Felder, 178 Iowa 740; Clark & Company v. Monson, 183 Iowa 980; Mann v. Taylor, 78 Iowa 355; Smith v. Waterloo, Cedar Falls and Northern Railway Company, 191 Iowa 668.

■ II. Defendants urge that the court erred in admitting testimony to statements made by defendant Barry, the driver, as binding upon the defendant owners without restricting it as applicable only to Barry. Defendants also urge that the court erred in admitting testimony to alleged admissions by one of the defendant owners without limiting its application to the owners. The court gave no instruction limiting the applicability of the admissions by the driver to the question of the driver's personal liability, or those made by the defendant owners to the question of their personal liability.

■ The court was asked to submit separate forms of verdict, one a form of verdict for the driver and another a form for defendant owners. The request was refused.

The court charged the jury that the evidence showed beyond

dispute that the defendants McClelland & Son were the owners of the car, and that Barry was driving .it with their consent; that if they found that Barry was negligent and his negligence was the proximate cause of the injury and plaintiff was not contributorily negligent Barry and the McClellands became equally liable for the damage. This instruction was excepted to.

None of the owners was present at the time of the accident.

Plaintiff testified that before the accident he saw the Barry car coming toward him at about 45 miles per hour; that it did not slacken speed; that there was a curve from the direction in which he was going. Barry's testimony was that there was such a curve; that he (Barry) was going 8 or 10 miles an hour; that because of a bump he glanced around toward his cousin in the back seat; that the plaintiff's car was on the curve; that he. was blinded by the lights and could not tell just how far away the plaintiff's car was. Plaintiff testified over proper objection made by the McClellands that long after the accident Barry "said when he came off the paving Mrs. Barry was lying down in the back seat and in some way or other attracted his attention and he looked back and when he looked back he was right into us." A witness for plaintiff, over objection by all of the defendants, testified that after the accident and at another place Barry said that the lady in the back seat attracted his attention and he looked around and after he looked back again "the other car was right there in front of him."

After the accident plaintiff's car was taken to the garage of defendants McClelland. Plaintiff testified over objections made in behalf of defendant Barry that after the accident he asked one of the McClellands what the charges would be on the car and he said there wouldn't be any charges on it, that he would haul it in and take care of it for plaintiff.

The statute (Section 5026, Code, 1927,) declares that "in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage." In the case before us the driver, Barry, was at the time of the accident engaged in an enterprise of his own. He was not on that occasion in the exercise of his employment by the defendant owners, though he was driving the car with their consent. In order to make the owners liable it was necessary for the plaintiff to prove the

negligence of the driver by evidence that would be competent against them. The driver's admissions made not as a part of the *res gestae,* though competent as against him, were not competent as against the owners. Cooley v. Killingsworth, 209 Iowa 646; Looney v. Parker, 210 Iowa 85; Wieneke v. Steinke, 211 Iowa 477; Wilkinson v. Queal Lumber Co., 208 Iowa 933. Conversely, the owner had no authority to make admissions in behalf of the driver. The court in instructing the jury should have limited the effect of the driver's admissions to the determination of the question of his liability and the effect of the owners' admissions to the question of their liability.

The rate of speed and concentrated attention required by the curve (as well as other circumstances shown) were of controlling importance. The proceedings in the court below in the respects now under consideration were such as to naturally confuse and mislead the jury without clarification in the instructions.

We are unable to hold that the jury might not have been largely influenced by Barry's admissions in determining that the owners were liable, and we are unable to hold that conversely McClelland's statements might not have been accepted as implied admissions of liability influencing the jury in finding that Barry was negligent. We are unable to hold that there was no prejudice in the failure of the court to instruct as to the effect of the alleged admissions and in denying the request for submission of separate forms of verdict.

Many of the assignments of error are such as to raise no question for our consideration. In any event defendants' other complaints may be obviated on new trial.—Reversed.

FAVILLE, C. J., and ALBERT, WAGNER, GRIMM, JJ., concur.

KINDIG, STEVENS, JJ., dissent on 2nd division.

KINDIG, J., (dissenting).—With due respect to the majority, I feel compelled to dissent. It seems to me that the ground for reversal named in the majority opinion is not well-founded. There is precedent for the majority opinion, of course, but my thought is that the precedents do not announce correct law and therefore, so far as inconsistent with the contention here made, should be overruled.

In Wilkinson v. Queal Lumber Company, 208 Iowa 933,

we first laid down the rule that admissions of the driver concerning his negligence could not be introduced in evidence against the owner of the car, who consented to the driver's use thereof. Consistently the Wilkinson case was followed in Cooley v. Killingsworth, 209 Iowa 646; Looney v. Parker, 210 Iowa 85; and Wieneke v. Steinke, 211 Iowa 477.

Our statutory law is being overlooked in this line of cases. Section 5026 of the 1927 Code provides:

"In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by the consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

If the automobile, then, is driven by one, not the owner, with the owner's consent, the owner is liable for damages if the driver was negligent. That is the express declaration of the statute. Assuming, then, that the owner of the automobile has permitted another person to drive the same, the question is—was such driver negligent? How may the negligence of such driver be proven? Manifestly by facts and circumstances. Also by the material admissions of such driver. Clearly the question is not—was the owner negligent, but rather, does negligence appear on the driver's part? Unquestionably, then, any material, relevant, and competent evidence that would show negligence on the driver's part would necessarily have to bind the owner because he is liable if he consented to the use of his car. Any other interpretation of the statute amounts to a distortion of its meaning.

Under the majority theory there could be a verdict by the jury against the driver and not against the owner, even though the record is clear that he gave his consent to the use of his automobile and the driver was negligent in the use thereof. According to the statute, however, if the owner consents to the driver's use of his car, there would have to be a verdict returned against both the driver and the owner, if the driver was negligent. As a matter of fact, the only way the owner can be freed from liability when the driver's negligence appears is upon the theory that the former did not consent to the driver's use of his car. Hence, any material, relevant, and competent evidence that

shows the driver's negligence is clearly admissible against the owner. A trial of this kind involves, not the negligence of the owner, but that of the driver. Therefore, when the negligence of the driver alone is involved, any competent, material, and relevant evidence may be introduced to show such tort. Negligence is negligence, and that which constitutes the driver's negligence likewise constitutes the negligence that establishes the basis for the owner's liability.

Conceding that the particular evidence properly shows the driver's negligence, automatically under the statute it must be admissible against the owner. Of course, if the owner's negligence were involved, then the statements and actions of the driver might or might not be admissible against him. Here, however, the owner is liable, not because of his negligence, but because he consented to the use of his car by the individual who is negligent. That consent makes the owner liable for the driver's negligence. The owner, having consented, cannot escape liability if the driver is negligent. Such negligence on the driver's part may be shown, as before said, by any competent, relevant, and material evidence, including his material admissions.

Believing, therefore, that the majority opinion in this respect is fundamentally wrong, I respectfully dissent.

STEVENS, J., joins in this dissent.