MALCOLM GEHLBACH, by his next Friend, H. H. GEHLBACH, Appellee, v. GEORGE McCANN et al., Appellants.

No. 41831.

Mahoney & Mackey, and Putnam, Putnam & Forrest, for appellants.

Baker, Doran & Boone, for appellee.

ALBERT, J.—Part of the Lincoln Highway runs east and west through the towns of Grand Junction and Ogden, which towns are about eleven miles apart. At a point about two miles east of Grand Junction there is a cement bridge in said highway across a small stream. The width of the pavement on this highway is eighteen feet, and on each side of the highway, extending in either direction from the end of the bridge, is a guard rail fence paralleling the pavement, and approximately three feet from the edge thereof.

On the night of July 26, 1930, Malcolm Gehlbach, a young man about 19 years of age, with other companions, had been attending a dance at Spring Lake, a resort northwest of Grand Junction. They started to their homes at or near the town of Ogden, traveling east on the Lincoln Highway, and reached the point where the accident occurred at or near said cement bridge about 12:30 a. m. July 27th. Malcolm was driving a car owned by his father, H. H. Gehlbach. There were three cars on the highway traveling eastward at this point, the more easterly car being driven by one Hagge, the middle car by Devere McCann, who is a son of George McCann, the other defendant, the father being the owner of the car and the car being driven with his consent, and the third or westerly car was the Gehlbach car. As they approached this cement bridge, McCann turned to the left to pass the Hagge car, and Malcolm also turned to the left to pass the McCann car. The rear bumper of the McCann car

caught the right side of the front bumper of the Gehlbach car, and the Gehlbach car ran into the guard rail fence which consisted of posts set 8 feet apart, faced with wire netting, with a 2 x 6 plank on top, the whole structure being painted white. When Gehlbach's car ran into the guard rail fence, the plank on top of the fence passed through the front of the Gehlbach car, striking the driver of the car, Malcolm, on the shoulder and causing the injury which is the basis of the damages in this action.

There is some dispute in the evidence as to just how this accident occurred. The jury might have found that at the time the two cars collided, the Hagge car was on the right side of the road where it belonged; the McCann car, having turned to the left to pass the Hagge car, was, at the time of the collision, about even with the Hagge car, and this was the position of the cars at the time of the collision between the plaintiff's car and the McCann car. The contention of the driver of the plaintiff's car is that the two cars in front of him were in line, on the right side of the road, and he sounded his horn and turned out to pass them, and while in the act of so doing, the McCann car suddenly turned to the left; thus the collision occurred.

This is a sufficient statement of the fundamental facts and practically all that is necessary to an understanding of the questions raised on this appeal.

 The first question raised is a complaint against instruction No. 4 given by the court, the material part of which is as follows:

"It follows, from the foregoing, that plaintiff is entitled to recover as against the defendant, George McCann, in the event plaintiff is entitled to recover as against the defendant, Devere McCann."

As shown by the above record, Devere McCann was driving the car owned by his father, George McCann, with his father's consent, and it is in relation to this situation that the instruction was given.

The testimony in the case, among other things, shows certain admissions made by Devere McCann and certain conduct on his part after the accident. These acts and admissions were excluded by the court as to George McCann, but were admitted as to Devere McCann.

In the case of Wilkinson v. Queal Lumber Co., 208 Iowa 933, 226 N. W. 43, 46, the court said:

"Negligence on the part of the driver must be established against the owner by the usual and ordinary rules which pertain in establishing liability of a master for the negligence of his servant. In the instant case, the evidence complained of was admissible as against the driver of the car. But it was not admissible to bind the owner as proof of the negligence of the owner. The action having been brought against the appellants jointly, the evidence was admissible, but it was only binding upon the appellant Neel [the driver]. The court should have limited its application by a proper instruction to the appellant Neel only."

This rule has been repeatedly announced by this court. See Cooley v. Killingsworth, 209 Iowa 646, 228 N. W. 880; Looney v. Parker, 210 Iowa 85, 230 N. W. 570; Ege v. Born, 212 Iowa 1138, 236 N. W. 75; Broderick v. Barry, 212 Iowa 672, 237 N. W. 481, 75 A. L. R. 1530.

Having made this distinction in the above-entitled cases, it is apparent there might be cases where the evidence would be sufficient to show liability on the part of the driver, but insufficient to show liability on the part of the owner of the car. It is therefore quite apparent that the above instruction is erroneous.

Complaint is made as to instruction No. 10 wherein the jury are told that the plaintiff had a right to assume that the defendant would operate his car in compliance with the provisions of the statute requiring him to keep to the right of the center of the highway so as to permit the plaintiff to pass in safety, providing the plaintiff signaled by sounding his horn.

While this statement of the law is abstractly correct, it does not quite fit the fact situation. When the McCann car was to the left of the Hagge car and about even with it, it would be an impossibility for the McCann car then to turn to its right side of the road, and, if this condition existed, the plaintiff would not, under such circumstances, be warranted in assuming that the McCann car would turn to the right side of the road which he could see it was impossible for it to do because of the fact that the Hagge car occupied that part of the road. Under these circumstances, we do not think the plaintiff driver had any right to assume the McCann car would do so. In other words, the plaintiff would have no right to assume the existence of the fact which he could see did not exist; hence this instruction is erroneous.

This case was originally tried and a new trial granted, and this was the second hearing of the same. The case occupied several days in trial, and on the second day of the trial the daily newspaper in the city of Boone, where the trial occurred, ran an article commenting on the case and containing, among other things, the statement that the case was on retrial and there had been a verdict of $4,000 returned by a former jury, and a motion for a new trial granted. Also,

"Counsel for the plaintiff stated the plaintiff wished for a new trial, too, because the jury had not given as large a verdict as was expected."

The next morning after the issuance and circulation of this newspaper, the defendants called the same to the attention of the court and asked that the jury be discharged and a new trial granted the defendants. The record shows that many of the jurors read the aforesaid newspaper regularly, and, under such circumstances, the presumption would be that they read the article to which reference is made. The court refused to discharge the jury and proceeded with the trial. This conduct is also claimed to be error.

The court undoubtedly should have given further attention to this matter, but in view of the fact that we are reversing the case on other grounds, it is not necessary for us to pass on this proposition at the present time.

■ Defendants raised the question of contributory negligence on the part of the plaintiff. No attention seems to have been given in the instructions, however, as to the fact that the plaintiff, at the time of the action, was a minor, but passing this proposition, we think, under the evidence in the case, the question of contributory negligence, if it is rightfully in the case, was a question for the jury.

Complaint is made as to instruction No. 6 wherein the court told the jury that the violation of any of the statutes, as hereinafter explained, is negligence. No reference is made to any statute by name at any place in the instruction, except at one place where it is said, "It is the law of this State", and sets out the statutory provision. This instruction should be remodeled if it is given in the subsequent trial of the case.

■ It appeared on the trial that certain testimony was given as to the defendants' car and its condition at the time of the trial. It appears that the car was at or near the courthouse and the jury

went to view the same. Plaintiff's counsel made the following request:

"I will ask that when the jury go out to view this car they may be permitted to take a rule with them and make any measurements they so desire. The Court: Is there any objection to that, Gentlemen? Defendants' Counsel: I think that is all right with us."

In relation to this matter the court gave instruction No. 15 wherein he said:

"You are not to consider your own observation, however, as evidence, but you must base your verdict solely on the evidence received before you in the course of the trial. You are to consider the evidence in the light of your viewing the said car, but you must determine the facts on the car from the evidence alone."

This is the general rule governing matters of this kind and we see no error therein.

Complaint is further made that the instructions given by the court in particular instances permitted double recovery.

The first count in the petition alleges a general history of the condition of the plaintiff after the accident, together with the description of his bodily injury, the time spent in the hospital, medical services, major and minor operations by the physicians, taking of X-rays, that he will have to undergo further operations, that all of his injuries are permanent, etc., and asking $15,000 damages.

In the absence of a motion for a more specific statement, asking for the damages to be itemized, the allegations in the first count were sufficient, when proper proof was made, to cover all of the items of hospital, medical, and surgical services, and the value thereof would have been admissible under the first count of the petition.

In the second count, the first count was made a part of the same and the charges for hospital, medical, and surgical services were itemized, and damages were asked on this count in the amount of $928.80.

It is apparent from this situation and the verdict rendered,— which was an allowance of $7,000 on the first count of the petition and $928.80 on the second count,—that the attack on the instructions in this respect should be sustained, because the items set out in the second count were all included in the first count, and, therefore, to allow recovery for the same items in both counts is not permissible.

Some other questions are urged as error, but as they are not likely to arise on a retrial of the case, we do not pass upon the same.

For the errors pointed out, the case is reversed.

KINDIG, C. J., and EVANS, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.